# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY LABUL, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>                       - v. -<br><br>XPO LOGISTICS, INC., BRADLEY S. JACOBS, JOHN J. HARDIG and SCOTT B. MALAT,<br><br>                                      Defendants. | Case No. 3:18-cv-02062-SRU<br><br>**MEMORANDUM OF LAW OF SCOTT B. MALAT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

Defendant Scott B. Malat moves to dismiss the Complaint as to him.  As the memorandum of law submitted by XPO and Brad Jacobs in support of Defendants' motion to dismiss makes plain, the Complaint suffers from a host of incurable deficiencies – including fatal flaws particular to Mr. Malat – that require its dismissal, with prejudice.  Mr. Malat joins in those arguments and submits that the case should be dismissed in its entirety.

We write separately to amplify the fact that Mr. Malat – who was not named in the original complaint - simply does not belong in this case.  Stripped of impermissible group pleading, the entire predicate for Plaintiffs' claims against Mr. Malat – in a case that allegedly spans years and myriad SEC filings, press releases, analyst calls and other public statements – is three statements he made during a single conference call on a single day, November 1, 2018.  Mr. Malat's statements were precise and accurate, and the Complaint does not allege otherwise.  Indeed, embracing their truthfulness, the Complaint labels a number of statements by Mr. Malat as "admissions."  (*See* Complaint ¶115.)

In their effort to create liability where none exists, Plaintiffs suggest that other statements, not made by Mr. Malat, render his statements misleading.  But the law is clear:  Mr. Malat is only responsible for his own statements, not the statements of others.  On the face of the Complaint, his statements are truthful and give rise to no liability on his part.

Apparently recognizing this deficiency, Plaintiffs try to plug the gap with group pleading.  The Complaint tries to bind Mr. Malat to this case through definitional legerdemain, but that effort fails as a matter of law.  Nowhere is that failure more apparent than in the Complaint's lack of any particularized showing that Mr. Malat made any statement, or otherwise acted, with any intention to "to deceive, manipulate, or defraud."  Without that, Plaintiffs have failed to

1

plead *scienter*, an essential element of their case. Given that and all of its other defects, the Complaint against Mr. Malat must be dismissed.

## ARGUMENT

### I. THE COMPLAINT IS BEREFT OF ACTIONABLE CLAIMS AGAINST MR. MALAT

Although it is two hundred and ninety-two paragraphs long, the Complaint's sole basis for including Mr. Malat – other than impermissible group pleading – is statements alleged in just three paragraphs, all related to a single conference call on November 1, 2018.[1] (Compl. ¶¶115, 117, 121.) On their face, none of those statements gives rise to liability.

The first statements ascribed to Mr. Malat, concerning the LTL tonnage aspect of XPO's business, are so clearly accurate and truthful that Plaintiffs label them "admissions." (Compl. ¶115). By definition, an "admission" is truthful, and not misleading, and thus provides no legal basis for accusing Mr. Malat of fraud or deceit.

The second statement by Mr. Malat, also concerning tonnage, is one in which he responded to an analyst's very specific question. As the Complaint reflects, the analyst asked whether it would make strategic sense for XPO to focus on regional freight and grow that business more aggressively because of that business line's strong incremental margins in the LTL space. (Compl. ¶117.) That question framed Mr. Malat's answer, which was a direct, specific and undisputedly accurate response to the analyst's question. (Compl. ¶117 ("Absolutely. That's one of the reasons why we added to our local account executive sales force. We added over 200 sales and sales support to grow the business.").) Once again, while the Complaint truncates Mr. Malat's response to the analyst's question (without disclosing that fact),

---

[1] References to the "Complaint" are to the Consolidated Class Action Complaint filed on June 3, 2019, Docket entry 102. References to "Compl. ¶__" refer to specific paragraphs in the Complaint.

Plaintiffs do not dispute its accuracy and do not allege it was false or misleading in and of itself. Thus, it too fails as a basis for liability.

The only other statement the Complaint attributes to Mr. Malat (out of sequence with its actual occurrence early in the November 1 conference call), concerned quantification of the impact that the House of Fraser bankruptcy had on the Q3 2018 performance of XPO's logistics segment. (Compl. ¶121.) As with Mr. Malat's other statements, the Complaint does not contradict it, does not deny its accuracy, and does not allege it is false or misleading in and of itself. Indeed, the Complaint does not dispute that the "bankruptcy at House of Fraser cut $15.6mm from adjusted EBITDA in 3Q18…." (Compl. ¶112.)[2]

Under the securities laws, Mr. Malat can be liable only for statements he "made." *See Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 148 (2011). As the foregoing makes clear, Plaintiffs fail to allege that any statement Mr. Malat actually *made* was false or misleading. The claims against Mr. Malat should be dismissed for this reason alone.

The Complaint fares no better with respect to the essential element of *scienter*. As the Supreme Court observed in *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, the "[e]xacting pleading requirements" of the PSLRA "requires plaintiffs to state with particularity… the facts evidencing *scienter*, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" 551 U.S. 308, 313 (2007). In Plaintiffs' failed attempt to plead *scienter*, the only particularized fact they point to

---

[2] Although they do not allege it rendered Mr. Malat's statement about the House of Fraser bankruptcy misleading, Plaintiffs contend that Mr. Jacobs "rephrased" Mr. Malat's characterization later in the call "by referring to that customer as simply a 'rounding error.'" (*See* Compl. ¶ 118, 122.) But that allegation misses the mark for several reasons. *First*, Plaintiffs mischaracterize Mr. Jacobs' statement; he referred to XPO's $16mm *write-off* as a "rounding error," not the customer. (*See* XPO 3Q 2018 Conference Call Tr., Ex. 13 to Sinnreich Declaration.) *Second*, Mr. Jacobs' statement is entirely consistent with Mr. Malat's accurate statement – and the truth – which was that the House of Fraser bankruptcy made XPO miss its earnings forecast for the third quarter, but was not viewed as a long-term issue. Mr. Jacobs' full statement was: "It's a rounding error, **but it made us miss the quarter**, which is something we work really hard not to do. So **on a long-term basis**, it's really just – **it's nothing**. It's a few million bucks." (*See* Compl. ¶111 (emphases added).)

3

with respect to Mr. Malat is that he left the company. (Compl. ¶237(d).) But, as the XPO Memo[3] correctly demonstrates, it is black-letter law that resignations alone do not establish an intention "to deceive, manipulate, or defraud." (*See* XPO Memo, II.B.4, at 29 and cases cited there.)[4]

In short, none of the statements made by Mr. Malat were false or misleading and none gives rise to liability. Similarly, with respect to *scienter*, the Complaint's allegation specific to Mr. Malat misses the mark. Evidently recognizing these defects, Plaintiffs resort to impermissible group pleading in attempt to draw him into this case, but to no avail.

## II. THE COMPLAINT IMPERMISSIBLY RELIES ON GROUP PLEADING IN A VAIN ATTEMPT TO DRAW IN MR. MALAT

The PSLRA[5] and the Supreme Court's decisions in *Tellabs* and *Janus* underscore the individual nature of liability in securities fraud litigation, and the concomitant need for particularity in accusing an individual of wrongdoing. In *Janus*, the Supreme Court held that a defendant in a private securities litigation can only be liable for statements "made" by that defendant. Under *Janus*, the Complaint's attempt to place responsibility on Mr. Malat for statements he did not make fails as a matter of law. *Tellabs* makes clear that Plaintiffs are required to allege particularized facts about Mr. Malat individually to establish that he acted with

---

[3] References to the "XPO Memo" are to the Memorandum of Law In Support of Defendants' Motion To Dismiss The Consolidated Class Action Complaint, filed August 2, 2019. References such as "XPO Memo B.2.B" are to specific sections within that Memo, at the pages identified. References to "Mr. Hardig's brief" are to the Memorandum of Law in Support of Defendants' Motion to Dismiss, filed by John J. Hardig on August 2, 2019.

[4] Notably, while the Complaint alleges that Mr. Malat resigned without explanation, the materials Plaintiffs rely on make clear that that allegation is simply untrue. During the November 1, 2018 conference call from which the Complaint draws all of its quotations from Mr. Malat, he explicitly said he was leaving to move to Europe with his family – which is exactly what he did. (*See* XPO 3Q 2018 Conference Call Tr., Ex. 13 to Sinnreich Declaration; *see also* XPO Press Release dated Oct. 31, 2018 (announcing Mr. Malat's departure "to spend more time with his family"), *available at* https://news.xpo.com/en-gb/news/1839/xpo-logistics-appoints-matthew-fassler-as-chief-strategy-officer.) As explained in the XPO Memo II.B.4, at 30, Plaintiffs neither have, nor offer, any basis to challenge this explanation for Mr. Malat's departure, which negates any inference of scienter.

[5] "PSLRA" refers to the Private Securities Litigation Reform Act of 1995, 109 Stat. 737.

*scienter*. While many courts have agreed that group pleading is dead in the wake of *Janus*, whatever scant lingering vitality group pleading may have, in this case it has none.

In the absence of particularized allegations about Mr. Malat, the Complaint attempts to create liability for him through the vehicle of definition. Plaintiffs define Mr. Malat as part of a group – "Individual Defendants" – and then define "Individual Defendants" as part of a larger group, the "Defendants." (Compl. ¶30) But this definitional sleight of hand is an impermissible basis for establishing *scienter* or assigning liability, and produces the absurd result of attributing to Mr. Malat conduct at XPO **after he had left the company** and had nothing to do with it – a textbook illustration of why group pleading cannot replace the particularized pleading the law requires.

When the group pleading infirmity is properly considered and the Complaint is dissected, essential elements that are a prerequisite to establishing a claim against Mr. Malat are clearly missing. This is nowhere more evident than with respect to *scienter*, which must be pled "with respect to *each defendant*." *Plumbers & Pipefitters Nat'l Pension Fund* v. *Orthofix Int'l N.V.*, 89 F. Supp. 3d 602, 614 (S.D.N.Y. 2015) (emphasis added). While Plaintiffs' group pleading makes sweeping claims that the Defendants acted with the requisite s*cienter*, the Complaint is completely devoid of any particularized allegation to establish that essential element with respect to Mr. Malat.

Beyond the ineffectual allusion to his resignation, none of the Complaint's offerings with respect to *scienter* even try to make specific reference to Mr. Malat, and completely fail the particularity test. This is not only legally impermissible (*see* XPO Memo II at 23-24, and cases cited there), it further highlights the flaw in the Complaint's group pleading. For example:

1. In addition to other legal deficiencies in paragraph 237(a) concerning access to information (*see* XPO Memo II.B.1, at 26-27), a review of the paragraphs cross-referenced in 237(a) (Compl. ¶77–107) reveals that Mr. Malat is not alleged to have

5

participated in any of the events supposedly underlying paragraph 237(a). Indeed, certain events cross-referenced in paragraph 237(a) did not occur until after Mr. Malat had left XPO. (See, *e.g.*, Compl. ¶¶90-91 (concerning an alleged January 2019 notice of a fulfillment center closing in March 2019).)

2. In addition to other legal deficiencies in paragraph 237(b) concerning Jacobs' statement in May 2019 (*see* XPO Memo II.B.2, at 28), on its face the Complaint alleges that this statement was not made by Mr. Malat and came after he was long gone from XPO.

3. In addition to other legal deficiencies in paragraph 237(c) concerning WARN notices (*see* XPO Memo II.B.3, at 29), two of those notices were allegedly issued in January 2019, after Mr. Malat was gone (Compl. ¶90).

4. In addition to other legal deficiencies in paragraph 237(e) concerning SOX certifications (*see* XPO Memo II.B.5. at 30), Mr. Malat is not alleged to have signed any of those certifications and this allegation does not and cannot establish *scienter* as to him.

5. In addition to other legal deficiencies in paragraph 237(f) concerning a potential merger in late 2018 (*see* XPO Memo II.B.6 at 30), on its face the Complaint does not allege that Mr. Malat participated in the underlying events, which occurred after he had left XPO (Compl. ¶¶28, 29).

The Complaint's flawed reliance on group pleading is further highlighted by the fact that Plaintiffs attribute several allegations to the collective "Defendants" – which, as described above, includes Mr. Malat – *after* Mr. Malat left the Company. (*E.g.*, Compl. ¶¶137, 145.) While "either/or" pleading in a complaint may be permissible, these allegations defy the laws of physics – time moves in only one direction – and cannot stand. Under *Janus* and its progeny, were the Complaint not already defeated by its other flaws – which it is – Plaintiffs' misplaced reliance on group pleading dooms the Complaint as to Mr. Malat.

## CONCLUSION

For all the reasons demonstrated above and in the XPO Memo, and in Mr. Hardig's brief, the Complaint should be dismissed in its entirety and with prejudice. At a minimum, it must be dismissed as to Mr. Malat.

Dated: New Haven, Connecticut

      August 2, 2019

                                   MARTIN J. AUERBACH, ESQ.

                                   /s/ Martin J. Auerbach
                                   Martin J. Auerbach (ct24184)
                                   (admitted pro hac vice)
                                   90 Broad Street
                                   23rd Floor
                                   New York, NY 10004
                                   Tel: (347) 901-2213
                                   Fax: (646) 304-0175
                                   E-mail: auerbach@mjaesq.com

                                   *Attorneys for Defendants*
                                   *John J. Hardig and*
                                   *Scott B. Malat*